## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ROSA CRISTOBAL-TORRES,

    **Plaintiff,**

    **v.**

                                        Civil No. 18-1829 (ADC)

CARMELO CRISTOBAL-TORRES,

    **Defendant.**

### OPINION AND ORDER

Before the Court is a motion to dismiss filed by defendant Carmelo Cristóbal-Torres ("defendant") **ECF No. 14**. Plaintiff Rosa Cristóbal-Torres ("plaintiff") filed a response in opposition, **ECF No. 21**, to which defendant replied with leave of the Court, **ECF Nos. 23, 24**. For the following reasons, the Court **GRANTS** the motion to dismiss. **ECF No. 14**. The complaint is dismissed with prejudice in regard to the tort claims and without prejudice in regard to the probate, guardianship, and capacity claims.

### I.    Background

Plaintiff and defendant are siblings and heirs to the estate of their father, D. Carmelo Cristóbal-Miranda ("Carmelo"). **ECF No. 6** at 2. Carmelo was also survived by the siblings' mother, Rosa María Torres ("Rosa"). *Id*. Plaintiff alleges defendant improperly seized control of their father's estate and asserted legal guardianship over Rosa, whom he surreptitiously relocated to Florida. *Id*. at 2–3. Though Rosa had executed a valid power of attorney in

defendant's favor, it is unclear at what point in the course of these events she revoked it. *Id.* Nonetheless, a Florida probate court subsequently granted defendant guardianship over Rosa after declaring her legally incapacitated due to dementia and other age-related ailments. *Id.*; **ECF No. 14-3 to 14-5** (Florida court orders and documents).[1] Plaintiff asserts these "tortious actions" caused her emotional damages, loss of consortium, and economic damages. **ECF No. 6** at 3. Plaintiff also requests the Court issue an order calling for (1) "the immediate distribution of the estate," (2) reconsideration of the incapacitation proceedings, (3) removal of defendant as Rosa's guardian, (4) possible appointment of plaintiff as Rosa's guardian, and (5) designation of a guardian ad litem for Rosa in said reinstated capacity proceedings. *Id.*

Defendant moves to dismiss, arguing that the Court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief may be granted. Defendant cites Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). **ECF No. 14** at 3–4.

## II.      Legal Standard

The plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction over her claims. When reviewing a complaint under Rule 12(b)(1), courts "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all reasonable inferences." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir.

---

[1] *See infra* § III. (B); *see also González v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) (holding that courts may consider materials outside the pleadings on rule 12(b)(1) motions); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (recognizing that, although courts should not consider extrinsic documents when ruling on a motion to dismiss, there are "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint").

2015) (alteration in original) (citation and internal quotation marks omitted). A complaint must be dismissed if the Court lacks subject matter jurisdiction to adjudicate the claims. *Id.*

Courts also favorably construe a complaint when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action" and "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (additional citations and internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

## III.    Analysis

Defendant raises several arguments in support of his motion to dismiss. First, he argues that the domestic relations and probate exceptions to federal diversity jurisdiction preclude this Court's exercise of subject matter jurisdiction over the case. **ECF No. 14** at 5. Additionally, he claims that 28 U.S.C. § 1738, extending the "full faith and credit" doctrine to the federal courts in relation to state court proceedings, precludes the Court from reconsidering the Florida court's guardianship and capacity proceedings.[2] *Id.* at 7–8.

---

[2] Defendant also argues that because plaintiff's tort claims are so intertwined and dependent upon the probate and domestic relations claims, that the Court should exercise its discretion to abstain pursuant to *Burford v. Sun Oil Co.,*

### A.      Plaintiff's Probate and Tort Claims

The United States Supreme Court "recognize[s] a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." *Id.* at 311. The exception "also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 311–12. "The domestic relations exception divests federal courts of jurisdiction over 'a narrow range of [cases implicating] domestic relations issues' that would otherwise meet the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)." *Irish v. Irish*, 842 F.3d 736, 740 (1st Cir. 2016) (alteration in original) (quoting *Marshall*, 547 U.S. at 307). *Cf. Hemon v. Office of Public Guardian*, 878 F.2d 13, at *15 (1st Cir. 1989) (per curiam) (noting that the domestic relations exception precludes review of adult guardianship and child custody cases filed under a federal court's habeas jurisdiction).

In defense, plaintiff challenges the historical footing of the probate and domestic relations exceptions, noting the traditionally narrow application afforded by the courts. **ECF No. 21** at 2. In her opposition to dismissal, plaintiff also back-peddles on her initial request within the

---

319 U.S. 315 (1943). **ECF No. 14** at 9. Because the Court finds that plaintiff's complaint fails under Rules 12(b)(1) and 12(b)(6), the Court need not address defendant's abstention argument.

complaint for the Court to order the probate of Carmelo's estate, indicating now that she is not actually requesting the Court to take any actions as to the estate. *Id*. at 3.

The Court is unconvinced. Plaintiff's request that the Court order "the immediate distribution of the estate" is unambiguous and unambiguously barred by the probate exception. However, plaintiff's request for emotional and economic damages arising out of defendant's alleged negligent handling of the estate is not necessarily prohibited by the probate exception. With her tort claim, plaintiff "seeks an *in personam* judgment against [defendant], not the probate or annulment of a will." *See Marshall*, 547 U.S. at 312. "Nor does she seek to reach a *res* in the custody of a state court" via her claims for emotional and economic damages against defendant. *See id*. Thus, while the probate exception requires the Court dismiss plaintiff's request for the immediate probate of Carmelo's estate, it does not necessitate the Court dismiss the tort claims against defendant.[3]

Nonetheless, the Court finds the tort claim inadequately pleaded under Rule 12(b)(6) to state a claim for which relief may be granted. Article 1802 of the Puerto Rico Civil Code—Puerto Rico's general tort statute—provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws. Ann. tit. 31, § 5141. "The elements of an Article 1802 claim are a physical or emotional

---

[3] Plaintiff suggests the tort claims fall under a theory of fraud or false pretenses but fails to identify any source of law or elements of such a cause of action. **ECF Nos. 6** at 3; **21** at 3. Moreover, fraud claims must be pleaded with particularity, something plaintiff has not done. Fed. R. Civ. P. 9(b); *North American Catholic Educ. Programming Found. Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009) ("Rule 9(b)'s heightened pleading standard applies to state law fraud claims asserted in federal court.").

injury, a negligent or intentional act or omission (i.e., a wrongful act), and a causal connection between the injury and the defendant's wrongful conduct." *Díaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 716 F.3d 256, 265–66 (1st Cir. 2013). Thus, to plead a claim for negligence, a plaintiff must allege four elements: duty, breach, causation, and damages. *Cedeño Nieves v. Aerostar Airport Holdings LLC*, 251 F. Supp. 3d 360, 366 (D.P.R. Apr. 26, 2017).

Here, plaintiff has failed to allege all four elements to sustain her tort claims. **ECF No. 6** at 2–3. Plaintiff asserts that some of the money in Rosa's account is rightfully hers, implying that it is part of her inheritance from Carmelo, while also identifying it as community property of her parents' conjugal partnership. *Id.* at 2. However, under Puerto Rico law, inheritance rights to community property "are not automatically transmitted to the heir at the time of the decedent's death," rather, "[t]he heir must either expressly or tacitly accept the inheritance." *In re Kersting*, 2017 Bankr. LEXIS 1695, at * 27–30 (Bankr. D.P.R. June 19, 2017) (collecting cases). In addition, plaintiff does not allege she expressly or tacitly accepted her inheritance from Carmelo, which negates any assumption of defendant's duty to disperse funds over which he may have been in exclusive control. Moreover, she has not alleged a breach of any such duty, failing to make even the basic claim that, e.g., she affirmatively asked defendant to transfer funds and he refused. *Id.* at 2. And, as plaintiff alleges, defendant did not retain exclusive control over Rosa's accounts after Carmelo's death. Rather, there was a gap in his control between the time Rosa revoked the power of attorney and the Florida guardianship proceedings. Thus, at best, plaintiff claims that defendant *could* misuse his authority as Rosa's guardian to withhold

money she alleges she is due. In essence, plaintiff alleges she has been injured by the appointment of defendant as Rosa's guardian because it restricts her access to Rosa's accounts. This is hardly sufficient to state a claim for negligence.

Plaintiff also fails to assert a duty and breach in relation to her request for emotional and economic damages arising out of defendant's handling of their father's estate. Plaintiff, for instance, does not identify defendant as having exclusive control over the estate's property or exclusive power to initiate probate proceedings. And, assuming defendant has those powers, plaintiff has also failed to allege that he unjustifiably refused to exercise them upon her valid request. Moreover, plaintiff seeks to initiate probate proceedings in this Court herself, negating any inference in her favor that defendant is in sole control of the estate. Accordingly, the allegations as to the handling of the estate fail to state a claim upon which relief may be granted. *See Tambone*, 597 F.3d at 442.

## B.      Plaintiff's Guardianship Claims

Plaintiff's complaint also requests that the Court review the Florida court's guardianship and capacity determinations. Defendant argues that the Court lacks subject matter jurisdiction, citing the "full faith and credit" doctrine. **ECF No. 14** at 7–8.

Properly authenticated "records and judicial proceedings or copies thereof" from any court within the United States, its Territories or Possessions, "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

28 U.S.C. § 1738. Additionally, under the *"Rooker-Feldman"* doctrine, "lower federal courts are

precluded from exercising appellate jurisdiction over final state-court judgments." *See Tyler v.*

*Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (citation and internal

quotation marks omitted). The *Rooker-Feldman* doctrine also applies to claims that are

"inextricably intertwined" with claims that were adjudicated in a state court proceeding. *Penzoil*

*Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring in judgment). A claim "is

inextricably intertwined with the state-court judgment if the federal claim succeeds only to the

extent that the state court wrongly decided the issues before it." *Id.* "Although res judicata

doctrine would often achieve similar effects, *Rooker-Feldman* is at least quasi-jurisdictional,

premised on the rule that among federal courts only the U.S. Supreme Court has authority to

invalidate state civil judgments." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003)

(citation omitted).

Plaintiff requests review of the Florida guardianship and capacity proceedings and

requests either removal of the guardianship and capacity orders or substitution of herself as

Rosa's guardian. **ECF No. 6** at 3. Plaintiff identifies various factors that undermine the Florida

court's rulings. *Id.* at 2–3. She suggests that defendant improperly seized control of Rosa's

accounts after Carmelo's death, ignoring her indication that a viable power of attorney may have

permitted defendant to do so at that time. Plaintiff alleges that Rosa eventually revoked the

power of attorney, but offers no explanation for the revocation. She alleges defendant then

covertly and, with the aid of disreputable tactics such as forum shopping, pursued (presumably

unwarranted) capacity and guardianship remedies in Florida, that the Florida court nonetheless granted on the merits.

All of these assertions go toward the propriety of the Florida court's capacity determination and designation of defendant as Rosa's guardian. The Court cannot rule in favor of plaintiff's claims for damages arising out of the capacity and guardianship proceedings without first concluding that the Florida court erred in its rulings. *Cf. Wilson v. Shumway*, 2000 WL 1499469, at *2 (D.N.H. May 8, 2000) (mem.), *aff'd*, 264 F.3d 120 (1st Cir. 2001). In other words, the matters are inextricably intertwined. Plaintiff's request that this Court exercise appellate review over the Florida rulings is untenable.

## IV.    Conclusion

The motion to dismiss is **GRANTED**. **ECF No. 14.** The tort claims are dismissed **with prejudice** for failure to state a claim upon which relief may be granted. The remaining claims related to the probate estate and capacity and guardianship proceedings are dismissed **without prejudice** based on lack of subject matter jurisdiction. Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of July, 2019.

S/AIDA M. DELGADO-COLÓN
**United States District Judge**