# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ROSA CRISTOBAL-TORRES

    Plaintiff,

    v.

CARMELO CRISTOBAL-TORRES

    Defendant.

Civil No. 18-1829 (ADC)

## OPINION & ORDER

Pending before the Court is defendant Carmelo Cristobal-Torres' Bill of Costs and Attorneys' Fees. **ECF No. 28**. Plaintiff filed an opposition. **ECF No. 29**. Defendant replied. **ECF No. 30**.[1] After reviewing the parties filings and the applicable law, defendant's request for attorneys' fees and costs is **DENIED**.

## I.    Factual Background

The facts and procedural background in this case are set forth in the July 26, 2019 Opinion and Order dismissing plaintiff's claims. **ECF No. 26**. Therein the Court concluded that subject matter jurisdiction was lacking for plaintiff's probate and guardianship claims. Additionally, the Court found that plaintiff inadequately pleaded her tort claims under Fed. R. Civ. P. 12(b)(6).

---

[1] Plaintiff also filed a Supplemental Motion in Opposition to Defendant's Request for Attorneys' Fees. **ECF No. 31**. Defendant opposed, noting it served as a sur-reply without the required Court leave. **ECF No. 32**. Additionally, defendant filed a reply to plaintiff's supplemental motion. **ECF No. 32-1.** The Court will consider the parties' respective filings in the interests of justice and judicial economy. However, the parties are advised that leave must be sought to file replies or sur-replies.

As such, plaintiff's tort claims were dismissed with prejudice and the remaining claims were dismissed without prejudice. *Id.* at 9.

## II. Standard of Review

Generally, "parties are ordinarily required to bear their own attorneys' fees -- the prevailing party is not entitled to collect from the loser." *Renaissance Mktg., Inc. v. Monitronics Int'l, Inc.*, 673 F. Supp. 2d 79, 81-82 (D.P.R. 2009) (*first citing Buckhannon v. West Va. Dept. Of Health*, 532 U.S. 598, 602 (201); *then citing Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). Consequently, absent explicit statutory authority, a prevailing party is not automatically entitled to attorneys' fees. *Buckhannon*, 532 U.S. at 602 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)).

As in this case, when jurisdiction in a case before the United States District Court "is premised on diversity of citizenship, the applicable standard of law for the determination of attorneys' fees is found in state law." *Renaissance Mktg.*, 673 F. Supp. 2d at 82 (citing *Rodríguez-López v. Institución Perpetuo Socorro, Inc.*, 616 F. Supp. 2d 200, 202 (D.P.R. 2009)); *see also Entact Servs., LLC v. Rimco, Inc.*, 526 F. Supp. 2d 213, 224 (D.P.R. 2007); *Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of Puerto Rico*, 167 F.3d 1, 14 (1st Cir. 1999). Specifically, Rules 44.1(d) and 44.3 of the Puerto Rico Rules of Civil Procedure provide the basis for an attorneys' fee award in this case. P.R. Laws Ann. Tit. 32, App. V. Rule 44.1(d) provides that "[i]n the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such

person the payment of a sum for attorneys' fees which the court decides corresponds to such conduct."

The Puerto Rico Supreme Court has stated that "[t]he main purpose of awarding attorneys' fees in cases of obstinacy is to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." *Renaissance Mktg.* 673 F. Supp. 2d at 82 (citing *Top Entm't, Inc. v. Torrejon*, 351 F.3d 531, 533 (1st Cir. 2003); then quoting *Fernández v. San Juan Cement Co.*, 18 P.R. Offic. Trans. 823, 118 D.P.R. 713, 718 (1987)). Hence, an award of attorneys' fees is proper where a party engages in actions "which result in a litigation that could have been avoided, which prolongs it needlessly, or that obliges the other party to embark on needless procedures." *San Juan Cement Co.*, 118 D.P.R. 713, 18 PR. Offic. Trans. at 718-719.

It is well settled that courts possess inherent equitable powers to award attorneys' fees against a party that "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Mullane v. Chambers*, 333 F.3d 322, 337-38 (1st Cir. 2003) (citations omitted). Moreover, the "determination of obstinacy is dependent on the particular facts of each case and lies in the sound discretion of the court." *Institución Perpetuo Socorro, Inc.*, 616 F. Supp. 2d at 202 (citing *Reyes v. Banco Santander*, 583 F. Supp. 1444, 1445 (D.P.R. 1984).

Both federal and state case law have established factors to consider and examples of obstinacy such as: "(1) the complexity of the issues, the clarity of the law, and the disposition of

the litigants in short, the 'personality' of the case; (2) the delay and stubbornness in discovery, including a disregard for court orders; (3) temerity in settlement negotiations; and (4) the novelty of the claim." *Rivera v. Nieves*, 292 F. Supp. 3d 560, 567 (D.P.R. 2018) (citing *Institución Perpetuo Socorro, Inc.*, 616 F. Supp. 2d at 202-03).

### III. Analysis

#### A. Attorneys' Fees

In support of his request for attorneys' fees, defendant contends that plaintiff has been obstinate in pursuing a case over which there is no subject matter jurisdiction. **ECF No. 28** at 3-6. He further argues that plaintiff's failure to properly plead her tort claim demonstrates an obstinate litigation strategy that needlessly forced him to assume pains, costs, efforts and inconveniences in this litigation. *Id.* In her opposition, plaintiff asserts that the fact that the court ruled against her does not equate frivolity and sets forth various arguments regarding the potential validity of her claims despite the court's unfavorable ruling. **ECF No. 29**. She further points out that defendants did not submit any information, explanation or evidence of the services rendered and upon which to base their $30,506 request for attorneys' fees. *Id.*

A review of the Opinion and Order at **ECF No. 26** shows that plaintiff's request for emotional and economic damages arising out of defendant's alleged negligent handling of the estate was not necessarily prohibited by the probate exception. In fact, plaintiff's tort claims could have survived absent the deficiencies in the pleadings which triggered the 12(b)(6) dismissal. **ECF No. 26** at 5. Hence, the Court concludes that plaintiff's claims were not frivolous.

Similarly, the case was not prolonged needlessly by plaintiff, and she did not act oppressively or vexatiously. The instant case was filed in early November 2018. **ECF No. 7**. Since then, defendant moved to dismiss the complaint (**ECF No. 14**), filed an answer (**ECF No. 19**) and replied to the motion to dismiss (**ECF No. 24**). On July 26, 2019, the Court issued the Opinion and Order, and subsequent Judgment dismissing plaintiff's claims. **ECF No. 26-27**.[2] Notably, the case was in its initial stages.

Considering the above, the Court finds that the "overall personality" of this case does not support a finding of obstinacy and temerity which warrants the imposition of attorneys' fees under Rule 44.1(d). *See Fajardo Shopping Ctr.*, 167 F.3d at 334.

### B. Taxation of Costs

Defendant also requested the court award costs. **ECF No. 28**. However, defendant did not file the appropriate form (AO Form 133), nor did he submit the required affidavit in support of its request. A party claiming any item of costs for disbursement must attach thereto an affidavit asserting that such item is correct, has been necessarily incurred in the case and that services for which fees have been charged were actually and necessarily performed. 28 U.S.C, § 1924, Taxation of Costs Guidelines, approved and adopted by this Court on March 27, 2007, at

---

[2] The Court further notes that the amounts sought by defendant are excessive considering the length and filings in the case. Under Puerto Rico law, attorneys' fees are not meant to compensate a litigant for the total costs incurred in the law suit. *IOM Corp. v. Brown Forman Corp.*, 627 F.3d 440, 452 (1st Cir. 2010) (citing *Corpak, Inc. v. Ramallo Bros. Printing,* 125 D.P.R. 724, 1990 P.R.-Eng. 710, 162 (P.R. 1990). Instead, fee awards "must be commensurate to that amount which, in the opinion of the court, reasonably represents the value of th[e] [legal] services, considering the degree of obstinacy [or frivolousness] and other circumstances of the case." *Id.* (citing *Asociación de Condóminos v. Trelles Reyes*, 120 D.P.R. 574, 20 P.R. Offic. Trans. 599, 605 (P.R. 1988)).

1. "A bill of costs without proper verification will not be taxed." *Id.* In addition, defendant failed to file any supporting evidence to the amounts requested, as required by the Taxation of Costs Guidelines. "Also, supporting documentation and a succinct memorandum of law must be attached to the bill of costs. Failure to comply with the abovementioned requirements may entail the disallowance of a particular item or all items of costs." *Id.* at 1 (emphasis in original). Considering defendant's failure to comply with any of the requisites for the submission and allowance of costs, defendant's request for taxation of costs is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 17th day of October 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**